UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE KOGER, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>  Defendants. | Case No. 20-cv-08759-JD<br><br>**PRETRIAL ORDER** |

As discussed at the final pretrial conference on January 18, 2024, the jury trial in this case will begin on February 5, 2024, and will be held according to the following orders and procedures.

I. **SCHEDULE AND TIME LIMITS**

1. Trial will be held Monday through Friday, 9 a.m. to 3 p.m., with a 30-minute lunch break.
2. Each side will have up to 8 hours of trial time, excluding openings and closings. As stated in the Court's civil trial standing order, the Courtroom Deputy, Ms. Lisa Clark, will have the final word on the time count.
3. Each side will have up to 30 minutes for opening statements, and up to 30 minutes for closing arguments. Duplicative statements by co-parties will not be allowed. The parties are directed to meet and confer on a deadline for exchanging demonstratives to be used in each side's opening statements.

II. **VOIR DIRE AND JURY SELECTION**

1. The Court will likely seat 7 jurors for the trial.
2. The Court will conduct the voir dire based on the questions proposed by the parties and the Court's own questions and practices. The proposed voir dire will be posted on the

    docket so that the parties will have a chance to review the questions and raise any concerns.

3. The parties will have three peremptory challenges per side, pursuant to 28 U.S.C. § 1870.

4. The Court will use the "strike and replace" method for jury selection. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.

5. Jury selection will be held on January 31, 2024, at 9:30 a.m., and trial will begin on February 5, 2024, at 9:00 a.m.

## III. JURY MATERIALS AND OTHER TRIAL PROCEDURES

1. **Jury Notebooks**. Jurors will be permitted to take notes. The parties will prepare jury notebooks and bring 10 copies on the first day of trial. The notebooks should be in the form of 2" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and must include these materials:

    a. 50 pages of blank, college-lined paper.

    b. Tabs for the preliminary and final jury instructions, which the Court will distribute.

2. **Jury Questions**. The Court may allow the jurors to ask questions during the trial. Questions will be in writing and submitted to the Court before the witness is excused. The Court will screen the questions, and may confer with the parties in a sidebar, before posing a jury question to a witness.

3. **Sidebars**. There will be no attorney-initiated sidebars during trial.

4. **Motions**. No motions may be filed during trial without prior leave of the Court.

5. **Objections**. Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection. No arguments or elaborations should be made unless called for by the Court.

6. **Witness Call**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

7. **Witness Disclosure**.  Unless the parties agree otherwise, a party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- 48 hours in advance of calling the witness to the stand.  Any party that has an objection must alert the Court as soon as possible, and the Court will take up the objection outside the presence of the jury.

8. **Presentation of Witnesses**.  Witnesses will be put on the witness stand only once.  For example, if plaintiffs call a witness whom defendants also intend to call, defendants' direct examination of the witness will follow the plaintiffs' examination of the witness.  Defendants may not put the witness on again for the presentation of their case to the jury.

9. **Expert Witnesses**.  The parties will discuss a proposal for consolidating the presentation of expert witnesses to the jury such that opposing expert witnesses are called back-to-back.

10. **Exhibits and Witness Binders**.  Exhibits should be prepared on a witness-by-witness basis.  The parties are directed to prepare witness binders that include those exhibits that will be offered during that witness's testimony and which the party will move for admission into evidence.  Two copies of each witness binder should be handed to Ms. Clark at the start of each witness's testimony.  No other copies of trial exhibits need be prepared or submitted to the Court.

11. **Evidence at Trial**.  The parties may offer evidence via an Elmo projector or in the form of large poster boards, but the Court advises the parties that all admitted trial exhibits will be made available to the jury in electronic format for their deliberations.

IV. **JURY INSTRUCTIONS AND VERDICT FORM**

1. The parties are directed to file by January 25, 2024, a set of proposed preliminary jury instructions and a set of proposed final jury instructions.

2. The proposed preliminary jury instructions should follow as closely as possible the instructions given in *Avnet*, Case No. 17-cv-07046-JD, Dkt. No. 353.

3. The proposed final jury instructions should follow CACI as closely as possible. The Court will not give a custom-created instruction for this case where a model instruction is available.

4. The parties will also file by January 25, 2024, a revised verdict form.

## V. PLAINTIFFS' MOTIONS IN LIMINE

1. **MIL No. 1: GRANTED** by parties' agreement, to exclude evidence of plaintiff Valerie Koger's prior workplace injury and workers' compensation claim.

2. **MIL No. 2: GRANTED** by parties' agreement, to exclude evidence of plaintiff Valerie Koger's prior domestic violence incident.

## VI. DEFENDANTS' MOTIONS IN LIMINE

1. **MIL No. 3: GRANTED** to exclude plaintiffs' experts' reference to plaintiffs' intentional destruction of the subject chair. This evidence is not relevant in light of the parties' agreement on defendants' liability. FRE 402/403.

2. **MIL No. 4: DENIED AS MOOT** (for plaintiffs' expert Dr. Mark D'espositos' reports and testimony re VOMS test and results) in light of Court's order re Rule 702 motions, Dkt. No. 64.

3. **MIL No. 5: DENIED AS MOOT** (for plaintiffs' expert Leonard Backer's statements re defendant Meco Corp's subsequent remedial measures) given parties' agreement as to defendants' liability.

4. **MIL No. 6: GRANTED** to exclude evidence of when defendants accepted responsibility for condition of subject chair, specifically any reference to or suggestion of undue delay. FRE 402/403.

5. **MIL No. 7: GRANTED** by parties' agreement, to exclude evidence, argument, or testimony regarding the wealth or financial condition of plaintiffs or defendants, and/or defendants' ability to pay large judgments. To the extent plaintiffs argue they did not seek medical care because they could not afford it, defendants may introduce evidence that plaintiffs' insurance would have covered the care.

VII. **OTHER**

1. **Witness Testimony**.  All witnesses will testify live in court.  Deposition testimony may be used only for witnesses who are unavailable.
2. **Witnesses Excluded from Courtroom**.  At the joint request of the parties and pursuant to FRE 615, the Court orders all witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony.  This exclusion order does not apply to party corporate representatives.  FRE 615(b).

**IT IS SO ORDERED.**

Dated: January 22, 2024

JAMES DONATO
United States District Judge